Filed 3/8/21  P. v. Tate CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTONIAL TATE,<br><br>        Defendant and Appellant. | A160671<br><br>(Solano County<br>Super. Ct. No. FCR238892) |

MEMORANDUM OPINION[1]

Defendant Antonial Tate appeals an order extending his commitment as a mentally disordered offender (MDO) under Penal Code section 2970 et seq.[2] He contends and the Attorney General concedes that the record does not reflect his knowing and voluntary waiver of his right to a jury trial on the petition for continued involuntary treatment as required by section 2972, subdivision (a) and *People v. Blackburn* (2015) 61 Cal.4th 1113, 1116. Accordingly, we reverse the extension order and remand the matter for a new trial on the petition.

---

[1] We resolve the appeal by memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] All statutory references are to the Penal Code.

## Background

In 2012, defendant was declared an MDO and committed to the Department of State Hospitals. On May 20, 2020, the Solano County District Attorney filed a petition under section 2970 for continued involuntary treatment. Following a court trial, the petition was granted and defendant's commitment was extended to August 30, 2021. Defendant timely filed a notice of appeal.

## Discussion

The statutory scheme for extending the involuntary commitment of a MDO for an additional year requires the trial court to "advise the person of his or her right to be represented by an attorney and of the right to a jury trial" and to hold a jury trial "unless waived by both the person and the district attorney." (§ 2972, subd. (a).) In *People v. Blackburn, supra*, 61 Cal.4th 1113, 1116, the court held that under section 2972, subdivision (a), the trial court "must advise the MDO defendant personally of his or her right to a jury trial and, before holding a bench trial, must obtain a personal waiver of that right from the defendant unless the court finds substantial evidence . . . that the defendant lacks the capacity to make a knowing and voluntary waiver, in which case defense counsel controls the waiver decision." In that case, no record was kept of the relevant pretrial proceedings and a settled statement requested by the Court of Appeal showed only that defense counsel requested a bench trial and the prosecutor agreed. The record did not reflect that the trial court personally advised defendant of his right to a jury trial or thereafter obtained a personal waiver of that right or that defendant lacked capacity to make a knowing and voluntary waiver. (*Id.* at p. 1130.) The court held that the failure to obtain a personal waiver constituted a miscarriage of justice under article VI, section 13 of the California

2

Constitution because it effectively denied the defendant his statutory right to a jury trial on the entire cause. Accordingly, the error required reversal without regard to the strength of the evidence. (*Id*. at pp. 1132–1136.)

Here, on June 18, 2020, trial counsel appeared in court without defendant and asserted that defendant wanted a court trial and to appear by video conference from the state hospital. On July 27, defendant appeared at trial by video conference. The record does not reflect that the court advised defendant that he had the right to a jury or obtained a personal waiver of that right. The court also did not consider whether defendant lacked the mental capacity to make such a waiver. Accordingly, as the Attorney General acknowledges, reversal of the court's order extending the MDO commitment is required.

## Disposition

The order for extended commitment is reversed and the matter remanded for retrial on the petition for continued involuntary treatment.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.